UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MILA ORTIZ and MELODY THOMAS<br>*on behalf of themselves and*<br>*others similarly situated*,<br><br>           Plaintiffs,<br><br>v.<br><br><br>COAST 2 COAST LENDERS, LLC<br><br>           Defendant. | Civil Action No.:<br><br>Class Action Complaint<br><br>Jury Trial Demanded |

**Nature of this Action**

1.      Mila Ortiz and Melody Thomas ("Plaintiffs") bring this class action against Coast 2 Coast Lenders, LLC under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

3.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry

1

stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

4. Plaintiffs file this action under the TCPA alleging that Coast 2 Coast Lenders, LLC ("Coast 2 Coast"), marketed services through the use of a telemarketing campaign to individuals who were listed on the National Do Not Call Registry.

5. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiffs bring this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

6. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7. Plaintiffs Mila Ortiz and Melody Thomas are individuals.

8. Defendant Coast 2 Coast Lenders, LLC is a limited liability company in this District.

## Jurisdiction & Venue

9. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiffs' claims arise under federal law.

10. This Court has general personal jurisdiction over the Defendant because they are located in this District and sent calls from this District.

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing solicitations to the Plaintiffs were sent from this District.

## The Telephone Consumer Protection Act

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

**Plaintiff Thomas's Experiences**

17. Plaintiff Thomas is, and at all times mentioned herein was, a "person" as the term is defined by 47 U.S.C. § 153(39).

18. Plaintiff Thomas's telephone number, 813-786-XXXX, has been on the National Do Not Call Registry since May 15, 2025. Plaintiff Thomas has never removed her telephone number from the National Do Not Call Registry.

19. Plaintiff Thomas uses her telephone number for personal, residential, and household purposes. For example, she uses her telephone number for calls or communications related to friends and family, social matters, personal appointments, and daily life (*e.g.,* ordering food, school matters, health care, *etc.*)

20. At no point has Plaintiff Thomas sought out or solicited information regarding Defendant's products or services prior to receiving the calls and text messages at issue.

21. Plaintiff Thomas has never consented to receive calls or text messages from Defendant.

22. Despite this, Plaintiff Thomas has repeatedly received calls and text messages from

Defendant.

23. The calls and texts were initiated for purposes of marketing Defendant's mortgage related products.

24. Plaintiff Thomas receives several calls per day on her telephone number asking for someone named Joshua in Michigan. When Plaintiff Thomas explains that she is not Joshua in Michigan and that the caller, Defendant, has the wrong number, Defendant's representative begins trying to sell mortgage refinancing to her.

25. Every time Plaintiff received a call, she instructed Defendant to stop calling.

26. On at least one occasion, Plaintiff Thomas has also received a text from Defendant. Below is a screenshot of Plaintiff Thomas' conversation with the Defendant on May 28, 2025.



27. Despite Plaintiff Thomas repeatedly asking Defendant to stop calling her telephone number, Defendant did not stop calling her.

5

28. Plaintiff Thomas and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff Thomas and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

**Plaintiff Ortiz's Experiences**

29. Plaintiff Ortiz is, and at all times mentioned herein was, a "person" as the term is defined by 47 U.S.C. § 153(39).

30. Plaintiff Ortiz's telephone number, 813-786-XXXX, has been on the National Do Not Call Registry since December 20, 2024. Plaintiff Ortiz has never removed her telephone number from the National Do Not Call Registry.

31. Plaintiff Ortiz uses her telephone number for personal, residential, and household purposes. For example, she uses her telephone number for calls or communications related to friends and family, social matters, personal appointments, and daily life (*e.g.,* ordering food, school matters, health care, *etc.*)

32. At no point has Plaintiff Ortiz sought out or solicited information regarding Defendant's products or services prior to receiving the calls and text messages at issue.

33. Plaintiff Ortiz has never consented to receive calls or text messages from Defendant.

34. Despite this, Plaintiff Ortiz has repeatedly received calls and text messages from Defendant starting on May 28, 2025.

35. The calls were initiated for purposes of marketing Defendant's mortgage related products.

36. Plaintiff Ortiz receives several texts and calls per day on her telephone number from Defendant offering her refinancing services.

37. Each time Defendant calls her, Plaintiff Ortiz responds that "[I am] on the DNC registry, you are not supposed to be calling me" and asks Defendant to stop contacting her.

38. For example, Plaintiff Ortiz received two such calls on June 2, 2025: one from phone number 407-749-1666 at 9:54am and one form phone number 813-369-5762, at 2:29 p.m.

39. Despite Plaintiff Ortiz asking Defendant to stop contacting her telephone number, Defendant has not stopped calling and texting.

40. Plaintiff Ortiz and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff Ortiz and the Class members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

**Class Action Statement**

41. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

42. Plaintiffs bring this action on behalf of themselves and the following Class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

43. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

44. Plaintiffs are members of and will fairly and adequately represent and protect the interests of the Class as they have no interests that conflict with any of the Class members.

45. Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46. Plaintiffs and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

47. This Class Action Complaint seeks injunctive relief and money damages.

48. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

49. Plaintiffs do not know the exact number of members in the Class, but Plaintiffs reasonably believe Class members number, at minimum, in the hundreds.

50. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

51. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

52. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

53. There are numerous questions of law and fact common to Plaintiffs and to the proposed Class, including, but not limited to, the following:

- Whether Defendant made multiple calls to Plaintiffs and members of the National Do Not Call Registry Class;

- Whether Defendant made calls using artificial or prerecorded voices to Plaintiffs and members of the Robocall Class;

- The corresponding degrees and liability as among and between Defendant;

- Whether Defendant's conduct constitutes a violation of the TCPA; and

- Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

54. Further, Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have no interests which are antagonistic to any member of the Class.

55. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

56. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

57. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

58. Plaintiffs are not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiffs and the National Do Not Call Registry Class)**

59. Plaintiffs incorporate the allegations from all previous paragraphs as if fully set forth herein.

60. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227 by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

61. Defendant's violations were negligent, willful, or knowing.

62. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiffs and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

63. Plaintiffs and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, pray for the following relief:

A.  Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.  That the Court enter a judgment awarding Plaintiffs and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

D.  Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: August 5, 2025

By Counsel for Plaintiffs,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

12