## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MILA ORTIZ and MELODY THOMAS, | ) |
| *on behalf of themselves and others* | ) |
| *similarly situated,* | ) |
| | ) |
| Plaintiffs, | ) Case No. 2:25-cv-12408-DML-DRG |
| | ) |
| v. | ) |
| | ) |
| COAST 2 COAST LENDERS, LLC | ) |
| | ) |
| Defendant. | ) |

_____/

PARONICH LAW, P.C.                          SMITH & SARCONI PLC
Anthony I. Paronich                          James J. Sarconi (P66101)
350 Lincoln Street, Suite 2400               13900 Lakeside Circle
Hingham, MA 02043                            Suite 203
(508) 221-1510                               Sterling Heights, MI 48313
anthony@paronichlaw.com                      (596) 884-5420
counsel for Plaintiffs                       jsarconi@s2attorneys.com
                                             local counsel for Defendant

_____/

## MOTION AND BRIEF TO DISMISS THE COMPLAINT

Defendant Coast 2 Coast Lenders, LLC, by and through its local counsel at

Smith & Sarconi PLC and its counsel at Aronberg Goldgehn, hereby moves pursuant

to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss all claims

asserted against it by Plaintiffs. In support of its motion, Coast 2 Coast Lenders, LLC

states as follows:

1.     Plaintiffs bring a single-count putative class action under the TCPA's National Do-Not-Call ("DNC") provisions, alleging that Defendant "made multiple telemarketing calls and texts" to two individuals—Mila Ortiz and Melody Thomas— whose numbers were on the National DNC Registry.

2.     The Complaint never plausibly ties any call or text to Coast 2 Coast. It identifies no caller-ID number owned by Coast 2 Coast, pleads no facts showing Coast 2 Coast (or its agent) placed or directed the challenged communications, and, for Thomas, fails to plead the statutory prerequisites (including at least two "telephone solicitation" calls after the required DNC timing threshold). These defects compel dismissal.

3.     First, under Rule 12(b)(1), Plaintiffs lack Article III standing because their alleged injury is not fairly traceable to Coast 2 Coast. The Complaint's conclusory attributions ("Defendant called/texted me") are unsupported by concrete facts showing who called, what number was used, or how any caller was acting for Coast 2 Coast.

4.     Second, under Rule 12(b)(6), the Complaint does not state a plausible claim. It fails to plead facts supporting direct liability (that Coast 2 Coast initiated any call/text) or vicarious liability (that any identified caller acted as Coast 2 Coast's agent). And as to Thomas, the pleading does not plausibly allege "more than one

telephone solicitation call" after her number had been on the DNC Registry for at least 31 days—an element the Complaint itself recites for its proposed class.

5.      Pursuant to Local Rule 7.1(a), Coast 2 Coast Lenders, LLC's counsel requested concurrence on November 10, 2025, explaining the nature of this Motion and its legal bases, and requesting concurrence. Concurrence was not obtained by the deadline for responding to the Complaint.

## BACKGROUND

Thomas alleges her number (813-786-XXXX) has been on the National DNC Registry since May 15, 2025. Complaint ¶17. She claims she "repeatedly received calls and text messages from Defendant," offers a single low-quality screenshot of a single May 28, 2025 "conversation" where the sender responds "sorry will not call back," and says she "receives several calls per day," *Id*. ¶¶22-26, but does not identify any calling number attributable to Coast 2 Coast or any evidence or information showing at least two post-DNC-window calls.[1]

Ortiz alleges her number (813-786-XXXX) has been on the DNC Registry since December 20, 2024. *Id*. ¶30. She claims she "repeatedly received calls and text messages from Defendant," for mortgage product marketing and lists two calls on June 2, 2025 from 407-749-1666 and 813-369-5762, Id. ¶¶34-38, but the pleading

---

[1] While the Complaint includes a screenshot with an alleged text message claiming to be from Coast 2 Coast, the actual phone number is not legible and the Complaint does not plead the number and its association with the Defendant.

does not allege either number belongs to Coast 2 Coast or that the callers acted on Coast 2 Coast's behalf or that the numbers even belong to Coast 2 Coast.

The proposed National DNC Class is limited to persons whose numbers "were on the National Do Not Call Registry for at least 31 days," who received "more than one telephone solicitation call" from Defendant (or its agent) "within a 12-month period" and within four years before filing. *Id*. ¶43.

## ARGUMENT

### A.   Legal Standard for Dismissal

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79.

### B.     Plaintiffs Fail to State a Plausible TCPA Claim Against Coast 2 Coast

The Complaint fails the most basic of pleading standards by relying on speculation and absolute conclusions rather than any pleaded fact that plausibly supports a conclusion that Coast 2 Coast made multiple calls to them or violated any TCPA provision. The TCPA states that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— (A) ***to make any call*** (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). The very first element of such a claim is thus that the defendant "make any call." The Complaint fails to meet this pleading requirement that Coast 2 Coast made any of the calls.

Even assuming it does, the TCPA includes a 31-day post-DNR registration period for compliance pursuant to 47 C.F.R. § 64.1200(c)(2) as well as requires more than one telephone solicitation call to a DNC-registered number within a 12–month period. See 47 U.S.C. §227(c)(5). This mimics the proposed class definition:

> **National Do Not Call Registry Class:** All persons within the United States: (I) whose residential telephone numbers were on the National Do Not Call Registry **for at least 31 days**; (2) but who **received more than one telephone solicitation call *from Defendant*** or a third party acting on

Defendant's behalf; (3) **within a 12-month period**; (4) within the four years prior to the filing of the Complaint.

Complaint ¶43 (emphasis added).

### 1. Plaintiffs do not Allege Facts Establishing TCPA Liability.

Neither Thomas nor Ortiz allege beyond a conclusory statement that they received "several" calls and text messages "per day" from Coast 2 Coast. Complaint ¶¶24,36. One text message does not count as "several" and two calls from unidentified numbers do not count as several calls "per day" "from Defendant." This does not meet even the most basic of pleading requirements under Rule 12(b)(1) or 12(b)(6). Attempting to impose liability and the obligations of discovery and defense of a national class action on the Defendant upon such scarce facts is precisely what both Federal Rules prevents.

### 2. Plaintiff Thomas Fails to Plead the DNC Elements.

47 C.F.R. § 64.1200(c) and the Plaintiffs' own class definition requires: (1) a number on the National DNC Registry for at least 31 days; and (2) more than one "telephone solicitation call" within a 12-month period. Complaint ¶43.

As to Thomas:

1. Timing: Thomas's DNC registration date is May 15, 2025. Complaint ¶18. The only specific item she pleads is a May 28, 2025 "conversation" screenshot—within the 31-day post-registration window identified in her own

class definition. Complaint ¶26. The Complaint does not plead any post-31-day call dates for Thomas.

2. Multiplicity: Beyond a conclusory claim of "several calls per day," Complaint ¶26, the Complaint pleads no concrete second "telephone solicitation call" to Thomas (with date/time) sufficient to meet the "more than one" requirement after the applicable DNC timing threshold.

3. No Calls. Only a single text message was alleged. No call was alleged beyond the boilerplate "several calls" language.

This falls short of Rule 8 and Twombly/Iqbal. Thomas's claim should be dismissed for failure to plead the statutory prerequisites with facts.

### 3. Plaintiff Ortiz Fails to Tie Her June 2 Calls to Coast 2 Coast.

Ortiz lists two numbers for June 2, 2025 (407-749-1666 and 813-369-5762) and alleges repeated outreach since May 28, 2025. Complaint ¶¶34, 38. But the Complaint never alleges those numbers belong to Coast 2 Coast, were used by Coast 2 Coast, or were dialed by an agent acting for Coast 2 Coast. Nor does it allege any post-call linkage (e.g., transfer to Coast 2 Coast, identification in the call content, or any transaction with Coast 2 Coast). The Ortiz allegations therefore fail on traceability (standing) and plausibility (no direct or vicarious act by Coast 2 Coast).

### C.    The Class Allegations Should Be Dismissed or Stricken.

Because neither named plaintiff pleads a plausible, personal DNC claim against Coast 2 Coast, neither can represent the putative class they propose (which itself hinges on "more than one telephone solicitation call" to numbers on the DNC Registry "for at least 31 days"). With no viable representative claim, the class allegations cannot proceed and should be dismissed/stricken at the pleadings stage.

## <u>CONCLUSION</u>

The Complaint fails to allege Article III traceability to Coast 2 Coast and, independently, fails to state a plausible TCPA DNC claim against Coast 2 Coast as to either Plaintiff. The Court should dismiss the action under Rules 12(b)(1) and 12(b)(6). Dismissal as to Thomas should be with prejudice (failure to allege statutory prerequisites); dismissal as to Ortiz should be with prejudice for failure to allege any facts connecting the June 2 numbers (or any caller) to Coast 2 Coast, whether directly or via agency.


Date: November 10, 2025            Respectfully submitted,

**SMITH & SARCONI PLC**

By:     s/James J. Sarconi_____
        James J. Sarconi (P66101)
        13900 Lakeside Circle, Suite 203
        Sterling Heights MI 48313
        (586) 884-5420
        jsarconi@s2attorneys.com

**ARONBERG GOLDGEHN**

By:   /s/ Khoa D. Trinh
      Khoa D. Trinh
      225 W. Washington St.
      Suite 2800
      Chicago, IL 60606
      (312) 755-3177
      ktrinh@agdglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I caused a copy of the foregoing motion, along with all supporting papers, to be filed with the Court's CM/ECF system, which will serve copies on all counsel of record.

Dated: November 10, 2025      Respectfully Submitted,

      /s/ James J. Sarconi
      Smith & Sarconi PLC