UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MILA ORTIZ and MELODY THOMAS, )
*on behalf of themselves and others* )
*similarly situated,* )
)
      Plaintiffs, ) Case No. 2:25-cv-12408-DML-DRG
)
      v. )
)
COAST 2 COAST LENDERS, LLC )
)
      Defendant. )
_____/

PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

STRAUSS BORRELLI PLLC
Cassandra P. Miller
Raina C Borrelli
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
872-263-1100
cmiller@straussborrelli.com
raina@straussborrelli.com

George T. Blackmore
31800 Northwestern Hwy, Suite 350
Farmington Hills, MI 48334
888-789-1715
gblackmore@provenresource.com

*Counsel for Plaintiffs*

ARONBERG GOLDGEHN
Nathan H. Lichtenstein
Khoa D. Trinh
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com
*Counsel for Defendant*

SMITH & SARCONI PLC
James J. Sarconi
13900 Lakeside Circle, Suite 203
Sterling Heights MI 48313
(586) 884-5420
jsarconi@s2attorneys.com
*Local Counsel for Defendant*

_____/

## MOTION AND BRIEF TO DISMISS THE FIRST AMENDED COMPLAINT

Defendant Coast 2 Coast Lenders, LLC ("Coast 2 Coast"), by and through its counsel, respectfully moves to dismiss Plaintiffs' First Amended Class Action Complaint under Federal Rule of Civil Procedure 12(b)(6). As explained below, Plaintiffs still fail to allege facts establishing a plausible TCPA claim under 47 U.S.C. § 227(c)(5), and the class allegations should likewise be dismissed. In support of its motion, Coast 2 Coast Lenders, LLC states as follows:

## INTRODUCTION

1. Plaintiffs bring a single-count putative class action under the TCPA's National Do-Not-Call ("DNC") provisions, alleging that Defendant "made multiple telemarketing calls and texts" to two individuals—Mila Ortiz and Melody Thomas—whose numbers were on the National DNC Registry.

2. The First Amended Complaint ("FAC") does not cure any of the fatal deficiencies present in Plaintiffs' original pleading. Plaintiffs still do not plausibly allege multiple qualifying calls as required by 47 U.S.C. § 227(c)(5); still do not allege any call to Thomas after the 31-day DNC compliance period in 47 C.F.R. § 64.1200(c)(2)(i)(D); and still do not allege a single call to either Plaintiff after any do-not-call request, as required under 47 C.F.R. § 64.1200(d).

3. Plaintiffs' amendments consist primarily of new conclusory assertions—such as an allegation that a caller "identified itself as Coast 2 Coast"—and a new "Internal DNC" class definition that suffers from the same statutory defects as the original class. Ortiz now alleges only a single call attributable to Coast 2 Coast, which independently bars her claim under § 227(c)(5). Thomas still alleges only one text message within the 31-day grace period. None of the amendments cure the deficiencies that require dismissal.

4. Pursuant to Local Rule 7.1(a), Coast 2 Coast Lenders, LLC's counsel requested concurrence on December 15, 2025, explaining the nature of this Motion and its legal bases, and requesting concurrence. Concurrence was not obtained.

## BACKGROUND

Thomas alleges that her number (813-786-XXXX) has been on the National Do Not Call ("DNC") Registry since May 15, 2025. FAC ¶¶ 17–18. She claims she "repeatedly received calls and text messages from Defendant starting on or around May 12, 2025," *Id*. ¶ 21, but the First Amended Complaint, like its predecessor, continues to plead only one documented communication: a screenshot of a single text message exchange on May 28, 2025, purportedly sent from a phone number +1 (313) 623-0343 attributed to Defendant. *Id*. ¶ 26. Although the screenshot displays an originating number, the FAC adds no facts showing beyond conclusory statements that Coast 2 Coast texted Thomas the alleged May 28, 2025 "Ok…Sorry

3

will not call back" message or that Coast 2 Coast placed any calls to Thomas at all. *Id*. The only possible call log appearing in the FAC is at the bottom of the screenshot reflecting three blurry, undated, incoming calls — none of which are alleged to be Coast 2 Coast numbers, and none of which Plaintiffs link to Coast 2 Coast through any factual allegation. *Id*.

Ortiz alleges her number (813-786-XXXX) has been on the National DNC Registry since December 20, 2024. FAC ¶ 39. While she again asserts that she "repeatedly received calls and text messages from Defendant," *Id*. ¶ 43, she now removes one of the two previously-listed phone numbers and still pleads no facts connecting any number to Coast 2 Coast. *Id*. ¶ 47. Notably Ortiz now claims that the caller of the remaining phone number "identified itself as Coast 2 Coast" and that "therefore, this number belonged to Coast 2 Coast." *Id*. The FAC adds no call records, screenshots, or any corroborating factual matter linking Coast 2 Coast to any purported call beyond the same conclusory allegations.

The proposed National DNC Class remains unchanged: persons whose numbers "were on the National Do Not Call Registry for at least 31 days," who received "more than one telephone solicitation call" from Defendant (or its purported agent) within a 12-month period and within four years of the filing of the Complaint. *Id*. ¶ 60. Neither Plaintiff alleges two qualifying calls attributable to

4

Coast 2 Coast, and the amendments do not cure the deficiencies previously raised in Defendant's first motion to dismiss.

## ARGUMENT

### A. Legal Standard for Dismissal

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Pleadings consisting of no more than mere conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678-79.

### B. Plaintiffs Fail to State a Plausible TCPA Claim Against Coast 2 Coast

The First Amended Complaint fails the most basic of pleading standards by relying on speculation and absolute conclusions rather than any pleaded fact that plausibly supports a conclusion that Coast 2 Coast made multiple calls to them or violated any TCPA provision. The TCPA states that:

5

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— (A) **_to make any call_** (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). The first element of such a claim is that the defendant "make any call." The First Amended Complaint fails to meet this pleading requirement that Coast 2 Coast made any call.

Even assuming it did, the TCPA includes a 31-day post-DNC registration period for compliance pursuant to 47 C.F.R. § 64.1200(c)(2)(i)(D), which states, "Any person or entity making telephone solicitations will not be liable for violating this requirement if" it employs "a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made." *Id*.

Additionally, 47 U.S.C. §227(c)(5) requires more than one telephone solicitation call to a DNC-registered number within a 12–month period: "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring an action. *Id*. This mimics the proposed class definition:

> **National Do Not Call Registry Class:** All persons within the United States: (I) whose residential telephone numbers were on the National Do Not Call

6

>Registry **for at least 31 days**; (2) but who **received more than one telephone solicitation call *from Defendant*** or a third party acting on Defendant's behalf; (3) **within a 12-month period**; (4) within the four years prior to the filing of the Complaint.

FAC ¶60 (emphasis added).

### 1. Thomas Fails to Allege Any Qualifying Post-Registry Calls, Let Alone "More Than One"

Thomas alleges her number was placed on the National DNC Registry on May 15, 2025. FAC ¶18. She then points to a single May 28, 2025 text message, from +1 (313) 623-0343, that purports to come from "Jackie with Coast 2 Coast lenders" and claims that "you all have called every 5 to ten minutes." FAC ¶26. Those allegations do not state a claim for three separate reasons.

First, all alleged activity occurred before the DNC Registry protections took effect. The National DNC rules take effect once a number has been on the Registry for 31 days. 47 C.F.R. § 64.1200(c)(2)(i)(D). The text message was alleged to have been sent 13 days after the DNC registration date on May 28, 2025. FAC ¶26. Plaintiffs do not allege any call or text to Thomas after June 15, 2025, which is 31 days after May 15, 2025. Because § 227(c)(5) applies only to calls made after the number has been on the Registry for 31 days, Thomas's allegations fall outside the statute as a matter of law.

Second, Thomas does not allege more than one qualifying call attributable to Coast 2 Coast. 47 U.S.C. §227(c)(5) requires multiple telephone solicitations within

a 12-month period. *Dobronski v. Fam. First Life, LLC*, No. 22-CV-12039, 2024 WL 1342668, at *14 (E.D. Mich. Mar. 29, 2024) (dismissing claims where only one alleged call was made in a 12-month period). At most, Thomas has pled one identified communication plausibly associated with Coast 2 Coast, the May 28 text. FAC ¶ 26. That is not enough under 47 U.S.C. §227(c)(5). The First Amended Complaint never alleges beyond conclusory statements that any call was made by Coast 2 Coast. The bare phrase "you all have called" in Thomas's responsive text is not a factual allegation tying any actual calls to Coast 2 Coast; it is her characterization that is not evidenced or explained, even in Thomas' amended pleading.

Third, the First Amended Complaint still fails to plead any call content or other factual matter showing telephone solicitation. Even if the May 28 text is accepted as from Coast 2 Coast, Thomas does not allege the content of any call, any script, any prerecorded message, or any other detail that would allow the Court to infer a "telephone solicitation" call as defined in the regulations. *See* 47 C.F.R. § 64.1200(f)(15). The conclusory claim that "The calls and texts were initiated for purposes of marketing Defendant's mortgage related products" (FAC ¶ 22) fails to satisfy the pleading requirements set forth in *Iqbal* and *Twombly*.

For all these reasons, Thomas fails to state any individual claim under § 227(c)(5) and, having alleged no qualifying post-registry calls, cannot serve as an adequate or typical representative of the putative classes.

### 2. Ortiz Alleges Only One Dated Call and Fails the "More Than One Call" Requirement

Ortiz alleges that her number has been on the National DNC Registry since December 20, 2024. FAC ¶ 39. Although she claims she "repeatedly received calls and text messages" (FAC ¶ 43) the First Amended Complaint now identifies only one call: a June 2, 2025 call that she now alleges came from a number associated with Coast 2 Coast. FAC ¶ 47.

The First Amended Complaint now identifies only one call that Ortiz ties to Coast 2 Coast and contains no call records, screenshots, or other facts showing any additional Coast 2 Coast calls within any 12-month period. Because § 227(c)(5) requires "more than one" telephone solicitation call, a single alleged call—even one occurring after the 31-day mark—cannot support an individual claim. Ortiz therefore fails the statute's multiple-call requirement on the face of her own pleading. *See Dobronski v. Fam. First Life, LLC*, 2024 WL 1342668, at *14 (dismissing claims where only one alleged call was made in a 12-month period).

9

## C. The New "Internal Do-Not-Call" Theory Under 47 C.F.R. § 64.1200(d) Also Fails

The First Amended Complaint introduces a new theory based on the "internal" or company-specific do-not-call rules in 47 C.F.R. § 64.1200(d). It requires any person or entity making telemarketing calls "to institute procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." 47 C.F.R. § 64.1200(d). Subsection (d)(3) further provides that, when such an entity receives a do-not-call request, it must "record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made" and must honor that request "within a reasonable time" period that "may not exceed ten (10) business days." *Id*. Thus, a plaintiff must allege both that she made a company-specific do-not-call request and that the seller placed telemarketing calls to that number *after* that request.

Thomas alleges that she responded "STOP" to a May 28, 2025 text message and that she complained about calls she claims occurred earlier that same morning. FAC ¶ 26. But the First Amended Complaint does not allege that she received any calls or texts after the "STOP" request exchange—or even 10 days after it. Without at least one post opt-out call, there is no internal DNC violation as a matter of law. Ortiz's allegations are similarly deficient. She asserts that she told an unidentified caller to stop contacting her, but she pleads only a single dated call on June 2, 2025 and does not allege any subsequent call occurring after her purported opt-out.

10

Because both plaintiffs fail to allege even one call made after a do-not-call request, their internal DNC claims necessarily fail at the threshold.

The internal DNC theory also fails because the First Amended Complaint relies entirely on boilerplate assertions that Coast 2 Coast supposedly "does not honor consumer requests to opt-out of text message solicitations," "has not instituted procedures," "does not provide training to its personnel," "does not maintain a standalone do-not-call list," and "did not maintain the required procedures for handling and processing opt-out requests," FAC ¶¶ 28-33. A plaintiff cannot satisfy the plausibility standard by declaring that evidence "demonstrates" something when the evidence alleged itself does not establish the defendant's actions, role, or motive. Plaintiffs identify no documents, no admissions, no regulatory findings, and no factual basis from which to infer that Coast 2 Coast lacked compliant procedures. Under *Twombly* and *Iqbal*, such conclusory recitations of the regulatory elements are insufficient to state a plausible claim.

Because Plaintiffs allege no post-revocation calls and offer no factual support for their speculation about Coast 2 Coast's internal procedures, their § 64.1200(d) claims should be dismissed.

### D. The Class Allegations Should Be Dismissed or Stricken.

The class allegations fail because neither Plaintiff states an individual claim under the TCPA, and a plaintiff who cannot satisfy the statute's prerequisites

11

cannot represent a putative class. The statute provides a private right of action only where the plaintiff receives "more than one telephone call within any 12-month period" to a number listed on the National Do Not Call Registry for at least 31 days. 47 U.S.C. § 227(c)(5). Thomas does not allege any call or text after her number had been on the Registry for 31 days, and Ortiz alleges only a single call. Because neither Plaintiff fits within the very class definition they propose, they cannot represent the putative class as a matter of law.

Plaintiffs' class allegations also rest entirely on conclusory assertions. Although they assert that class members can, "upon information and belief," be identified through "dialer records" or "phone number databases" (FAC ¶¶ 55,62) they plead no facts showing that Coast 2 Coast used a dialer, maintained any such records, or made more than one qualifying call to any individual.

Because Plaintiffs fail to allege facts showing (i) that they themselves meet the statutory prerequisites, (ii) that Defendant engaged in conduct capable of generating a cognizable class, or (iii) that Rule 23 can be satisfied, their class allegations are facially deficient and should be dismissed at the pleading stage.

## CONCLUSION

The First Amended Complaint does not state a claim under the TCPA. Thomas alleges no actual call and no qualifying communications after the 31-day DNC period, and Ortiz alleges only a single call. As a result, neither Plaintiff pleads

the statutory requirement of "more than one" telephone solicitation call in any 12-month period. Because they fail to plead individual claims, they cannot represent the proposed class, and the class allegations necessarily fail as well. Coast 2 Coast respectfully requests that the Court dismiss the First Amended Complaint in its entirety.

Date: December 15, 2025　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　**Coast 2 Coast Lenders LLC**

　　　　　　　　　　　　By:　/s/ Nathan H. Lichtenstein
　　　　　　　　　　　　　　　Nathan H. Lichtenstein (IL Bar #1655469)
　　　　　　　　　　　　　　　Khoa D. Trinh (IL Bar #6351044)
　　　　　　　　　　　　　　　ARONBERG GOLDGEHN
　　　　　　　　　　　　　　　225 W. Washington St., Suite 2800
　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　(312) 755-3177
　　　　　　　　　　　　　　　nlichtenstein@agdglaw.com
　　　　　　　　　　　　　　　ktrinh@agdglaw.com

　　　　　　　　　　　　By:　 s/James J. Sarconi
　　　　　　　　　　　　　　　James J. Sarconi (P66101)
　　　　　　　　　　　　　　　SMITH & SARCONI PLC
　　　　　　　　　　　　　　　13900 Lakeside Circle, Suite 203
　　　　　　　　　　　　　　　Sterling Heights MI 48313
　　　　　　　　　　　　　　　(586) 884-5420
　　　　　　　　　　　　　　　jsarconi@s2attorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date below I caused a copy of the foregoing motion, along with all supporting papers, to be filed with the Court's CM/ECF system, which will serve copies on all counsel of record.

Dated: December 15, 2025                             Respectfully Submitted,

/s/ Khoa Trinh
Aronberg Goldgehn