**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| MILA ORTIZ and MELODY THOMAS, *on behalf of themselves and others similarly situated,* <br><br> Plaintiff, <br><br> vs. <br><br> COAST 2 COAST LENDERS, LLC, <br><br> Defendant. | No.: 2:25-cv-12408-DML-DRG <br><br> Jury Trial Demanded |

## ANSWER TO FIRST AMENDED COMPLAINT

Coast 2 Coast Lenders, LLC ("Defendant") answers the First Amended Complaint paragraph-by-paragraph as follows. Any allegation not expressly admitted is denied.

### Nature of this Action

1.      Mila Ortiz and Melody Thomas ("Plaintiffs") bring this class action against Coast 2 Coast Lenders, LLC under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER: Admitted.**

2.      Telemarketing calls are intrusive. "A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

**ANSWER: Defendant denies the allegations of paragraph 2 to the extent Plaintiffs'
paraphrasing is inaccurate, incomplete, or misleading.**

3.      "The law opted for a consumer-driven process that would allow objecting
individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations
was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal
government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry
stands out as a model of clarity. It means what it says. If a person wishes to no longer receive
telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone
solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive
telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any
outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-
call" registry, maintained by the Commission.')…[P]rivate suits can seek either monetary or
injunctive relief. *Id*…This private cause of action is a straightforward provision designed to
achieve a straightforward result. Congress enacted the law to protect against invasions of privacy
that were harming people. The law empowers each person to protect his own personal rights.
Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those
persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace."
*Krakauer,* 925 F.3d at 649-50.

**ANSWER: Defendant denies the allegations of paragraph 3 to the extent Plaintiffs'
paraphrasing is inaccurate, incomplete, or misleading.**

4.      Plaintiffs file this action under the TCPA alleging that Coast 2 Coast Lenders, LLC
("Coast 2 Coast"), marketed services through the use of a telemarketing campaign to individuals
who were listed on the National Do Not Call Registry.

**ANSWER: Admitted.**

2

5.      Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiffs bring this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

**ANSWER: Denied.**

6.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER: Denied.**

<u>**Parties**</u>

7.      Plaintiffs Mila Ortiz and Melody Thomas are individuals.

**ANSWER: Defendant lacks sufficient knowledge or information and therefore denies.**

8.      Defendant Coast 2 Coast Lenders, LLC is a limited liability company in this District.

**ANSWER: Admitted.**

<u>**Jurisdiction & Venue**</u>

9.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiffs' claims arise under federal law.

**ANSWER: Admitted.**

10.      This Court has general personal jurisdiction over the Defendant because they are located in this District and sent calls from this District.

**ANSWER: Admitted that the Court has personal jurisdiction over Defendant based on the allegations presented.**

11.      Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the

events or omissions giving rise to the claim occurred in this District, as the telemarketing solicitations to the Plaintiffs were sent from this District.

**ANSWER: Defendant denies that the alleged events occurred as Plaintiffs describe. Defendants admit that venue is proper based on the allegations presented.**

**The Telephone Consumer Protection Act**

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**ANSWER: Defendant denies the allegations of paragraph 12 to the extent Plaintiffs' paraphrasing is inaccurate, incomplete, or misleading.**

13. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

**ANSWER: Defendant denies the allegations of paragraph 13 to the extent Plaintiffs' paraphrasing is inaccurate, incomplete, or misleading.**

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

**ANSWER: Defendant denies the allegations of paragraph 14 to the extent Plaintiffs' paraphrasing is inaccurate, incomplete, or misleading.**

15. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

**ANSWER: Defendant denies the allegations of paragraph 15 to the extent Plaintiffs' paraphrasing is inaccurate, incomplete, or misleading.**

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**ANSWER: Defendant denies the allegations of paragraph 16 to the extent Plaintiffs' paraphrasing is inaccurate, incomplete, or misleading.**

**Factual Allegations**

**_Plaintiff Thomas' Experiences_**

17.     Plaintiff Thomas is, and at all times mentioned herein was, a "person" as the term is defined by 47 U.S.C. § 153(39).

**ANSWER: Defendant lacks sufficient knowledge or information and therefore denies them.**

18.     Plaintiff Thomas's telephone number, 706-399-XXXX, has been on the National Do Not Call Registry since May 15, 2025. Plaintiff Thomas has never removed her telephone number from the National Do Not Call Registry.

**ANSWER: Defendant lacks sufficient knowledge and information and therefore denies them.**

19.     Plaintiff Thomas uses her telephone number for personal, residential, and household purposes. For example, she uses her telephone number for calls or communications related to friends and family, social matters, personal appointments, and daily life (_e.g.,_ ordering food, school matters, health care, _etc._)

**ANSWER: Defendant lacks sufficient knowledge and information and therefore denies**

5

them.

20.     At no point has Plaintiff Thomas sought out or solicited information  regarding Defendant's products or services prior to receiving the calls and text messages at issue. Plaintiff Thomas has never consented to receive calls or text messages from Defendant.

**ANSWER: Defendant lacks sufficient knowledge and information and therefore denies them.**

21.     Despite this, Plaintiff Thomas has repeatedly received calls and text messages from Defendant starting on or around May 12, 2025.

**ANSWER: Denied.**

22.     The calls and texts were initiated for purposes of marketing Defendant's mortgage related products.

**ANSWER: Denied.**

23.     Plaintiff Thomas receives several calls per day on her telephone number from Defendant asking for someone named Joshua in Michigan. When Plaintiff Thomas explains that she is not Joshua in Michigan and that the caller, Defendant, has the wrong number, Defendant's representative begins trying to sell mortgage refinancing to her.

**ANSWER: Denied.**

24.     Every time Plaintiff received a call, she instructed Defendant to stop calling.

**ANSWER: Denied.**

25.     On at least one occasion, Plaintiff Thomas has also received a text from Defendant.

**ANSWER: Denied.**

26.     Below is a screenshot of Plaintiff Thomas' conversation with the Defendant on May 28, 2025.



**ANSWER: Defendant admits Paragraph 26 includes a document purporting to be a screenshot; Defendant denies any characterization of its contents.**

27.    After Plaintiff texted STOP, Defendant stopped texting Plaintiff Thomas, but despite Plaintiff Thomas repeatedly asking Defendant to stop calling her telephone number when she answered Defendant's telephone calls, Defendant did not stop calling her.

**ANSWER: Denied.**

28.    As demonstrated by the above message, Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, Plaintiff Thomas attempted to opt-out of Defendant's solicitations by asking Defendant to stop calling, but Defendant continued to contact the Plaintiff.

**ANSWER: Denied.**

29.    This was even after Defendant had confirmed Plaintiff Thomas's opt-out request.

**ANSWER: Denied.**

30.     Defendant's refusal to honor Plaintiff Thomas' opt-out request demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive contacts from Defendant. The precise details regarding its lack of requisite policies and procedures are solely within Defendant's knowledge and control.

**ANSWER: Denied.**

31.     Defendant's refusal to honor Plaintiff Thomas' many opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

**ANSWER: Denied.**

32.     Defendant's refusal to honor Plaintiff Thomas' opt-out requests demonstrates that Defendant does not maintain a standalone do-not-call list. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

**ANSWER: Denied.**

33.     Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative calls it made to Plaintiff Thomas as reflected by the fact that Plaintiff Thomas made opt-out requests by text and by phone, and that those requests were never processed. Indeed, they were ignored by Defendant and its employees and Defendant continued to call Plaintiff Thomas.

**ANSWER: Denied.**

34.     Upon information and belief, Defendant has access to outbound transmission reports for all contacts sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff Thomas and Class members. Defendant also has access to text message logs and phone call recordings showing Plaintiff Thomas and Class members' inbound opt-out requests.

**ANSWER: Denied.**

35.     Plaintiff Thomas and Class Members revoked any consent they may have previously provided to Defendant by answering Defendant's phone calls and instructing Defendant to stop calling.

**ANSWER: Denied.**

36.     Plaintiff Thomas and Class Members also revoked any consent they may have previously provided to Defendant by replying with a "STOP" or similar opt-out instruction in response to Defendant's contacts.

**ANSWER: Denied.**

37.     Plaintiff Thomas and all members of the Internal Do Not Call Class, as defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.  Plaintiff Thomas and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER: Denied.**

### *Plaintiff Ortiz's Experiences*

38.     Plaintiff Ortiz is, and at all times mentioned herein was, a "person" as the term is defined by 47 U.S.C. § 153(39).

**ANSWER: Defendant lacks sufficient knowledge or information and therefore denies them.**

39.     Plaintiff Ortiz's telephone number, 813-786-XXXX, has been on the National Do Not Call Registry since December 20, 2024. Plaintiff Ortiz has never removed her telephone number from the National Do Not Call Registry.

**ANSWER: Defendant lacks sufficient knowledge or information and therefore denies**

**them.**

40.     Plaintiff Ortiz uses her telephone number for personal, residential, and household purposes. For example, she uses her telephone number for calls or communications related to friends and family, social matters, personal appointments, and daily life (*e.g.,* ordering food, school matters, health care, *etc.*)

**ANSWER: Defendant lacks sufficient knowledge or information and therefore denies them.**

41.     At no point has Plaintiff Ortiz sought out or solicited information regarding Defendant's products or services prior to receiving the calls and text messages at issue.

**ANSWER: Defendant lacks sufficient knowledge or information and therefore denies them.**

42.     Plaintiff Ortiz has never consented to receive calls or text messages from Defendant.

**ANSWER: Defendant lacks sufficient knowledge or information and therefore denies them.**

43.     Despite this, Plaintiff Ortiz has repeatedly received calls and text messages from Defendant starting on or around May 28, 2025.

**ANSWER: Denied.**

44.     The calls were initiated for purposes of marketing Defendant's mortgage related products.

**ANSWER: Denied.**

45.     Plaintiff Ortiz receives several texts and calls per day on her telephone number from Defendant offering her refinancing services.

**ANSWER: Denied.**

46.     Each time Defendant called her, Plaintiff Ortiz responds that "[I am] on the DNC registry, you are not supposed to be calling me" and asks Defendant to stop contacting her.

**ANSWER: Denied.**

47.     For example, Plaintiff Ortiz received one such call on June 2, 2025 from Defendant at phone number 407-749-1666 at 9:54 a.m. Plaintiff Ortiz answered this phone call, and the caller identified itself as Coast 2 Coast. Therefore, this number belonged to Coast 2 Coast, was used by Coast 2 Coast, and was dialed by an agent acting for Coast 2 Coast.

**ANSWER: Defendant admits that Plaintiff Ortiz received one telephone call on June 2, 2025. Defendant denies the remaining allegations.**

48.     In response, Plaintiff Ortiz instructed Defendant not to call her again, just as she had in prior calls from Defendant.

**ANSWER: Denied.**

49.     Defendant does not honor consumer requests to opt-out of text message solicitations. Indeed, despite Plaintiff Ortiz asking Defendant to stop contacting her telephone number multiple times, Defendant has not stopped calling and texting.

**ANSWER: Denied.**

50.     This was even after Defendant had confirmed Plaintiff Ortiz's opt-out request.

**ANSWER: Denied.**

51.     Defendant's refusal to honor Plaintiff Ortiz's opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive contacts from Defendant. The precise details regarding its lack of requisite policies and procedures are solely within Defendant's knowledge and control.

**ANSWER: Denied.**

52.     Defendant's refusal to honor Plaintiff Ortiz's many opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

**ANSWER: Denied.**

53.     Defendant's refusal to honor Plaintiff Ortiz's opt-out requests demonstrates that Defendant does not maintain a standalone do-not-call list. The precise details regarding its lack of training are solely within Defendant's knowledge and control.

**ANSWER: Denied.**

54.     Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative calls it made to Plaintiff Ortiz as reflected by the fact that Plaintiff Ortiz made opt-out requests by phone, and that those requests were never processed. Indeed, they were ignored by Defendant and its employees and Defendant continued to call Plaintiff Ortiz.

**ANSWER: Denied.**

55.     Upon information and belief, Defendant has access to outbound transmission reports for all contacts sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff Ortiz and Class members. Defendant also has access to text message logs and phone call recordings showing Plaintiff Ortiz and Class members' inbound opt-out requests.

**ANSWER: Denied.**

56.     Plaintiff Ortiz and Class Members revoked any consent they may have previously provided to Defendant by answering Defendant's phone calls and instructing Defendant to stop calling.

**ANSWER: Denied.**

57.     Plaintiff Ortiz and all members of the National Do Not Call Class and the Internal Do Not Call Class, as defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.  Plaintiff Ortiz and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER: Denied.**

<u>**Class Action Statement**</u>

58.     Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

**ANSWER: Defendant incorporates by reference its answers to all other paragraphs of the Complaint as if fully stated herein.**

59.     Plaintiffs bring this action on behalf of themselves and the following Classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

**ANSWER: Admitted that Plaintiffs purport to bring this case as a putative class action. Defendant denies that class treatment is appropriate.**

60.     Plaintiff Ortiz proposes the following Class definition, subject to amendment as appropriate:

   **<u>National Do Not Call Registry Class:</u>** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

61.     Plaintiff Thomas and Plaintiff Ortiz propose the following Class definition, subject to amendment as appropriate:

    **Internal Do Not Call Registry Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) made (2) two or more telemarketing calls or text messages in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

62.    Plaintiffs are members of and will fairly and adequately represent and protect the interests of the Classes as they have no interests that conflict with any of the Class members.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

63.    Excluded from the Classes are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

64.    Plaintiffs and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

65.    This Class Action Complaint seeks injunctive relief and money damages.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

66.    The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

67.    Plaintiffs do not know the exact number of members in the Classes, but Plaintiffs reasonably believe Class members number, at minimum, in the hundreds.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

68.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

69.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

70.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

71.     There are numerous questions of law and fact common to Plaintiffs and to the proposed Classes, including, but not limited to, the following:

- Whether Defendant made multiple calls to Plaintiffs and members of the National Do Not Call Registry Class;

- Whether Defendant made multiple calls to Plaintiffs and members of the Internal Do Not Call Registry Class;

- The corresponding degrees and liability as among and between Defendant;

- Whether Defendant's conduct constitutes a violation of the TCPA; and

- Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

72.     Further, Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have no interests which are antagonistic to any member of the Class.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

73.     Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

74.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

75.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

76.     Plaintiffs are not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**ANSWER: Denied. Defendant further denies that any class may be certified in this action.**

<u>**FIRST CAUSE OF ACTION**</u>

<u>**Violation of the Telephone Consumer Protection Act**</u>
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff Ortiz and the National Do Not Call Registry Class)**

77. Plaintiff Ortiz incorporates the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER: Defendant incorporates its answers to all previous paragraphs as if fully set forth herein.**

78. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or

other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227 by making telemarketing calls, except for emergency purposes, to Plaintiff Ortiz and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

**ANSWER: Denied.**

79. Defendant's violations were negligent, willful, or knowing.

**ANSWER: Denied.**

80. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiffs and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

**ANSWER: Denied.**

81. Plaintiff Ortiz and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**ANSWER: Denied.**

## SECOND CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act** (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff Thomas and Plaintiff Ortiz and the Internal Do Not Call Class)

82. Plaintiff Ortiz and Plaintiff Thomas incorporate the allegations from all previous paragraphs as if fully set forth herein.

**ANSWER: Defendant incorporates its answers to all previous paragraphs as if fully set forth herein.**

83. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff Thomas, Plaintiff Ortiz, and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

**ANSWER: Denied.**

84. Defendant's violations were negligent, willful, or knowing.

**ANSWER: Denied.**

85. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff Thomas and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**ANSWER: Denied.**

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Class, pray for the following relief:

A.       Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

**ANSWER: Defendant denies that Plaintiffs or any putative class are entitled to any of the relief requested in the Prayer for Relief.**

B.       Injunctive relief requiring Defendant to implement and maintain compliant internal do-not-call procedures and prohibiting Defendant from placing telemarketing calls to any telephone number that has requested to be placed on Defendant's internal Do Not Call list;

**ANSWER: Defendant denies that Plaintiffs or any putative class are entitled to any of the relief requested in the Prayer for Relief.**

C.      That the Court enter a judgment awarding Plaintiffs and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

**ANSWER: Defendant denies that Plaintiffs or any putative class are entitled to any of the relief requested in the Prayer for Relief.**

D.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiffs are proper representatives of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

**ANSWER: Defendant denies that Plaintiffs or any putative class are entitled to any of the relief requested in the Prayer for Relief.**

E.      Such other relief as the Court deems just and proper.

**ANSWER: Defendant denies that Plaintiffs or any putative class are entitled to any of the relief requested in the Prayer for Relief.**

## <u>DEFENDANT'S AFFIRMATIVE DEFENSES</u>

Defendant reserves the right to assert additional defenses that become known through discovery.

## FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

1.      Plaintiffs fail to allege facts sufficient to state a claim under 47 U.S.C. § 227(c) and the implementing regulations, including failure to plausibly allege more than one telephone solicitation within any 12-month period as required by § 227(c)(5), failure to plausibly allege actionable calls made after the 31-day National Do Not Call Registry compliance window, and

failure to plausibly allege facts establishing that any alleged call or text was initiated by Defendant or by any person acting as Defendant's agent or with Defendant's authority.

## SECOND AFFIRMATIVE DEFENSE
### Lack of Article III Standing

2.      Plaintiffs lack Article III standing because the First Amended Complaint fails to allege facts sufficient to establish that any alleged injury is fairly traceable to Defendant, and fails to allege a concrete and particularized injury arising from any conduct attributable to Defendant.

## THIRD AFFIRMATIVE DEFENSE
### Regulatory Safe Harbor

3.      Plaintiffs' claims are barred, in whole or in part, by the 31-day compliance grace period provided in 47 C.F.R. § 64.1200(c)(2), to the extent any alleged call occurred within that period.

## FOURTH AFFIRMATIVE DEFENSE
### No Direct or Vicarious Liability

4.      Defendant is not liable, directly or vicariously, because Plaintiffs fail to allege facts establishing that Defendant initiated any alleged calls or texts, or that any third party acted as Defendant's agent or with Defendant's actual or apparent authority.

## FIFTH AFFIRMATIVE DEFENSE
### No Willful or Knowing Violation

5.      Plaintiffs fail to allege facts sufficient to establish that Defendant acted willfully or knowingly under the TCPA, and therefore Plaintiffs are not entitled to enhanced or treble damages.

## SIXTH AFFIRMATIVE DEFENSE
### Failure to Satisfy Rule 23

6.      The claims asserted by Plaintiffs are not appropriate for class treatment because

the proposed class is not ascertainable and does not satisfy the requirements of Rule 23(a) or

Rule 23(b), including commonality, typicality, predominance, and superiority.

Date: January 6, 2026              Respectfully submitted,

By:     */s/ Khoa D. Trinh*
        Nathan H. Lichtenstein (IL Bar ID: 1655469)
        Khoa D. Trinh (ILBar ID 6351044)
        **ARONBERG GOLDGEHN DAVIS & GARMISA**
        225 W. Washington St., Suite 2800
        Chicago, IL 60606
        (312) 755-3177
        nlichtenstein@agdglaw.com
        ktrinh@agdglaw.com

By:     */s/ James J. Sarconi*
        James J. Sarconi (P66101)
        **SMITH & SARCONI PLC**
        13900 Lakeside Circle, Suite 203
        Sterling Heights MI 48313
        (586) 884-5420
        jsarconi@s2attorneys.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2026, a true and correct copy of the foregoing Answer to the First Amended Complaint was served by email and first-class mail, postage prepaid to the following:

Eric Cabrera
thedonutmill@gmail.com
1312 Snowshoe Ct.
Woodland Park, CO 80863

*/s/ Nicki Cesario*
Nicki Cesario, Paralegal