UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MILA ORTIZ and MELODY THOMAS, *on behalf of themselves and others similarly situated,* | ) <br> ) <br> ) Case No. 2:25-cv-12408-DML-DRG <br> ) |
| Plaintiffs, | ) District Judge David M. Lawson <br> ) |
| v. | ) Magistrate Judge David R. Grand <br> ) |
| COAST 2 COAST LENDERS, LLC | ) <br> ) |
| Defendant. | ) |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiffs' Response in Opposition to Defendant's Motion to Dismiss ("Response") ignores the pleading defects identified in Defendant's Motion to Dismiss. The First Amended Complaint ("FAC") suffers from the same fatal defects as did the original Complaint: it fails to allege more than one qualifying telemarketing call to either Plaintiff, any post-compliance-period communication to Thomas, or any post-opt-out communication sufficient to state an Internal Do-Not-Call claim. The failure to state a claim under the TCPA is fatal to Plaintiffs' action.

### RELEVANT ALLEGATIONS

Thomas alleges her telephone number was registered on the National Do-Not-Call Registry on May 15, 2025. FAC ¶ 18. Although she alleges she "repeatedly received calls and text messages," the FAC identifies only one specific communication: a single text-message exchange dated May 28, 2025. Id. ¶¶ 21, 26. The FAC alleges no call or text to Thomas after June 15, 2025, when the 31-day compliance period expired.

Ortiz alleges her telephone number was registered on the National Do-Not-Call Registry on December 20, 2024. FAC ¶ 39. While she alleges "repeated" calls and texts, the FAC identifies

only one specific call—on June 2, 2025—which she alleges "identified itself as Coast 2 Coast" and during which she "instructed Defendant not to call her again." Id. ¶¶ 43, 47-48. The FAC identifies no second qualifying telephone solicitation call attributable to Coast 2 Coast within any 12-month period.

## ARGUMENT

### A.   Plaintiffs' Response Completely Ignores the Failure to Plead "More Than One" Qualifying Call.

The TCPA's National Do-Not-Call provision authorizes a private action only where a plaintiff has "received **more than one** telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations." 47 U.S.C. § 227(c)(5) (emphasis added). This statutory requirement is not disputed. Plaintiffs' proposed National Do-Not-Call class likewise requires that class members have received "more than one telephone solicitation call" from Defendant within a 12-month period. FAC ¶ 60. Because neither named Plaintiff pleads facts establishing that prerequisite despite amendment and briefing, they fall outside their own proposed class definition and cannot state an individual claim or serve as class representatives.

   1.   <u>Thomas Still Fails to Allege Any Post-Registry Calls.</u>

Thomas alleges that she registered her telephone number on the National DNC Registry on May 15, 2025. FAC ¶ 18. And the only specifically identified communication alleged in the FAC is a single text message dated May 28, 2025—thirteen days after registration and well within the 31-day compliance period recognized in 47 C.F.R. § 64.1200(c)(2)(i)(D). Id. ¶¶ 21, 26; ECF No. 21 at 8. The FAC alleges no call or text to Thomas after June 15, 2025, when DNC protections would take effect.

The Response repeats the FAC's conclusory statements (e.g., "Defendant began flooding both Ms. Ortiz and Ms. Thomas with incessant telephone calls") but offers no facts supporting the

2

existence of any such calls. ECF No. 21 at 1. Another conclusory statement, "you all have called every 5 to ten minutes," appears in Thomas's own alleged text message. FAC ¶ 26; ECF No. 21 at 3. But a plaintiff's characterization of alleged conduct is not a factual allegation that Coast 2 Coast actually placed multiple calls. The FAC pleads no dates, no originating numbers tied to Coast 2 Coast, and no call records demonstrating any call—let alone more than one—occurring after the DNC compliance window. Pleading by inference and conclusion is well established to be discredited. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint must do more than offer "labels and conclusions" or a "formulaic recitation of the elements"); *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009) (allegations consisting of "mere conclusions" are not entitled to the assumption of truth).

Plaintiffs' Response does not identify a single factual allegation in the FAC establishing a post–31-day compliance-period call to Thomas. Because § 227(c)(5) applies only to calls made after the 31-day period, Thomas fails to state a claim as a matter of law.

2. Ortiz Alleges Only One Dated Call Attributable to Coast 2 Coast.

Plaintiffs likewise do not dispute that the FAC alleges only one specific call to Mila Ortiz: a June 2, 2025 call from a single phone number. FAC ¶ 47. Section 227(c)(5) requires more than one call within a 12-month period. Plaintiffs' Response does not identify a second dated call, a second phone number tied to Coast 2 Coast, or any factual allegation establishing multiple qualifying communications. Conclusory statements like "[h]owever, Ms. Ortiz has alleged 'repeated' calls and that she 'receives several texts and calls per day'," ECF No. 21 at 8-9, cannot substitute for the statutorily required pleading of more than one call. *See Twombly* and *Iqbal*. Because Ortiz pleads only one call attributable to Coast 2 Coast, her individual claim fails on the face of the FAC.

The cases cited by Plaintiffs do not salvage or support the FAC. *Dobronski v. CHW Grp., Inc.*, No. 24-CV-11649, 2025 WL 2426370 (E.D. Mich. Aug. 21, 2025) involved eleven calls over several months. The complaint specifically alleged the content of each call, explicit sales pitches, and repeated conduct after do-not-call requests. *See Dobronski* at *1–2. *Delgado v. eMortgage Funding, LLC*, No. 21-CV-11401, 2021 WL 4776774 (E.D. Mich. Oct. 13, 2021), involved twenty-four calls, all from the same identified phone number, including fourteen specific calls placed after the plaintiff asked that the calls stop. *Id.* at *1. And *Smith v. Equrra, LLC*, No. 25-10975, 2025 WL 2941903 (E.D. Mich. Oct. 16, 2025), turned on allegations of multiple telemarketing text messages sent after the regulatory compliance period expired, with the complaint identifying the dates of each message. Because the alleged communications occurred after the grace period, the court treated the conduct as unreasonable at the pleading stage. *See Smith* at *1–2. In each of these cases, the court denied dismissal only because the complaint pleaded specific facts identifying each alleged call or message, including dates, volume, and phone numbers. None of the cases cited by Plaintiffs involved complaints where only one specific call is alleged and identified.

Here, by contrast, Plaintiffs do not allege multiple qualifying calls to either Plaintiff, do not allege any post-grace-period communication to Thomas, and do not allege any post-do-not-call communication to either Plaintiff. The FAC suffers from the same pleading deficiencies as other TCPA complaints dismissed in this District. *See Wallack v. Mercantile Adjustments Bureau, Inc.*, No. 14-10387, 2014 WL 1515852 (E.D. Mich. Apr. 18, 2014) (granting Rule 12(b)(6) dismissal where the complaint alleged only "harassing calls" and provided no supporting details such as number of calls, approximate dates/times, or facts supporting TCPA elements, leaving defendant unable to meaningfully respond); *Fluker v. Ally Fin. Inc.*, No. 22-CV-12536, 2023 WL

4

8881154 (E.D. Mich. Dec. 21, 2023), *aff'd*, No. 24-1023, 2025 WL 1827747 (6th Cir. July 2, 2025) (granting Rule 12(b)(6) dismissal with prejudice where the plaintiff alleged hundreds of TCPA calls but pleaded only conclusory assertions tracking the statute and did not plead circumstances making the alleged violations plausible); *Dobronski v. Fam. First Life, LLC*, No. 22-CV-12039, 2024 WL 1342668 (E.D. Mich. Mar. 29, 2024) (dismissing claims where only one alleged call was made in a 12-month period).

### B.  The Internal Do-Not-Call Theory Fails Because No Post-Opt-Out Call Is Alleged

Plaintiffs' newly asserted Internal Do-Not-Call theory under 47 C.F.R. § 64.1200(d) fails because a plaintiff must allege at least one telemarketing communication placed **after** a do-not-call request **directed at the caller**. 47 C.F.R. § 64.1200(d)(3). The FAC does not allege any telemarketing call or text occurring after a do-not-call request was made to Coast 2 Coast.

Thomas alleges that she replied "STOP" to a text message on May 28, 2025. FAC ¶ 26. The FAC does not allege that Coast 2 Coast placed any call or sent any text to Thomas after that exchange. Ortiz alleges that she instructed a caller to stop contacting her, but the FAC identifies only a single call on June 2, 2025 and does not allege any subsequent call or text occurring after that request. FAC ¶¶ 46–49.

Although Ortiz alleges that the June 2, 2025 call occurred after her number was placed on the National Do-Not-Call Registry, National DNC registration does not trigger the Internal Do-Not-Call regulations, which turn on a consumer's request specifically to the seller. *See Delgado v. eMortgage Funding, LLC*, No. 21-CV-11401 (treating the DNC registry claim under § 64.1200(c) and the internal DNC claim under § 64.1200(d) as distinct causes of action, noting that the internal DNC provision requires sellers to maintain procedures for recording consumer requests made directly to them). Because neither Plaintiff pleads any post-request telemarketing communication,

5

Plaintiffs fail to state a claim under 47 C.F.R. § 64.1200(d).

        **C.**        **The Class Allegations Fail Because Plaintiffs Fail to State Individual Claims**

Finally, because neither Plaintiff states an individual claim under § 227(c)(5) or § 64.1200(d), neither can represent the putative classes they propose. The statute requires that a plaintiff receive more than one qualifying call. Plaintiffs' inability to meet that prerequisite forecloses class representation as a matter of law.

Moreover, Plaintiffs' class allegations rest entirely on speculation that unidentified "dialer records" or "phone databases" might reveal additional calls. FAC ¶¶ 55, 62. Plaintiffs plead no facts showing that Coast 2 Coast used a dialer, maintained such records, made multiple qualifying calls to anyone, or any other claims of internal practices. Class allegations based on such conjecture are insufficient at the pleading stage.

Plaintiffs' reliance on *Hubble v. loanDepot.com, LLC*, No. 1:24-CV-11173, 2025 WL 2710569 (E.D. Mich. Sept. 23, 2025), and other cases involving motions to strike class allegations, is misplaced. *Hubble* involved a pre-discovery motion to strike class allegations under Rule 12(f), not a Rule 12(b)(6) challenge to whether the plaintiff stated a TCPA claim in the first instance. There, the plaintiff alleged approximately forty-eight prerecorded telemarketing calls, including numerous calls after multiple opt-out requests - facts the court assumed true and far exceeding what is alleged here. *Id.* at *1–2. By contrast, Plaintiffs here fail to plead the statutory prerequisite of more than one qualifying call required by § 227(c)(5). *Hubble* has no application to this case.

## CONCLUSION

The FAC fails to allege the statutory prerequisites for liability under the TCPA. Thomas alleges no qualifying communication after the 31-day National Do-Not-Call compliance period, and Ortiz alleges only a single call attributable to Coast 2 Coast. Plaintiffs also fail to allege any telemarketing communication occurring after a do-not-call request, as required to state an Internal

Do-Not-Call claim. Because Plaintiffs fail to state individual claims, their class allegations necessarily fail, and the FAC should be dismissed in its entirety.

Date: February 2, 2026

Respectfully submitted,

**Coast 2 Coast Lenders LLC**

By: _/s/ Nathan H. Lichtenstein_
Nathan H. Lichtenstein (IL Bar #1655469)
Khoa D. Trinh (IL Bar #6351044)
**ARONBERG GOLDGEHN**
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com

By:  s/James J. Sarconi
James J. Sarconi (P66101)
**SMITH & SARCONI PLC**
13900 Lakeside Circle, Suite 203
Sterling Heights MI 48313
(586) 884-5420
jsarconi@s2attorneys.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2026, I electronically filed the foregoing ***Reply In Support of Motion to Dismiss First Amended Complaint*** with the Clerk of the Court using the CM/ECF system, which will serve copies on all counsel of record.

Dated: February 2, 2026                                      Respectfully Submitted,

/s/ *Khoa Trinh*
Khoa D. Trinh