**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| MELODY THOMAS and MILA ORTIZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COAST 2 COAST LENDERS, LLC,<br><br>Defendant. | Case No. 2:25−cv−12408−DML−DRG<br><br>Honorable David M. Lawson |

**JOINT DISCOVERY PLAN**

A Rule 16 Scheduling Conference is scheduled for February 19, 2026. The Parties conducted their Rule 26(f) conference prior to submission of this Joint Discovery Plan. In accordance with Federal Rule of Civil Procedure 26(f) and the Court's November 14, 2025, order (ECF No. 9), Counsel for the Parties submit the following discovery plan.

**Appearing for the Parties as Counsel will be**:

For the Plaintiff: Anthony Paronich of Paronich Law, P.C.

For the Defendant: Nathan H. Lichtenstein and Khoa D. Trinh, Aronberg Goldgehn;

James J. Sarconi, Smith & Sarconi PLC (local counsel)

I. **Jurisdiction**

Plaintiff asserts that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff asserts that this Court has general personal jurisdiction over the Defendant because it is located in this District and sent calls from this District. Plaintiff asserts that venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to

the claim occurred in this District, as the telemarketing solicitations to the Plaintiffs were sent from this District.

Defendant does not contest subject matter jurisdiction for purposes of this Joint Discovery Plan.

## II.      Statement of the Case

*Plaintiffs' Statement:* This is a putative nationwide class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiffs allege that Defendant Coast 2 Coast Lenders, LLC engaged in unlawful telemarketing by placing repeated mortgage-related telephone calls and text messages to Plaintiffs' residential and cellular telephone numbers, despite those numbers being registered on the National Do-Not-Call Registry and despite Plaintiffs' repeated requests that the calls stop. Plaintiffs assert claims under the National Do-Not-Call and Internal Do-Not-Call provisions of the TCPA and seek statutory damages, injunctive relief, and class-wide relief on behalf of similarly situated individuals nationwide.

Plaintiffs allege that Defendant made unsolicited telemarketing calls as part of a campaign to generally promote their services, making this matter appropriate for class treatment under Rule 23.

Plaintiff Melody Thomas alleges that her telephone number, which has been listed on the National Do-Not-Call Registry since May 15, 2025, was repeatedly contacted by Defendant beginning in or around May 12, 2025. She alleges that Defendant placed unsolicited telemarketing calls and sent a text message promoting mortgage-related products without her consent or any prior relationship. Despite repeatedly informing Defendant that it had the wrong number and demanding that the calls stop, including by replying "STOP" to a text message, Defendant allegedly continued calling, reflecting a failure to honor opt-out requests and maintain compliant internal do-not-call

procedures.

Plaintiff Mila Ortiz alleges that her telephone number, which has been listed on the National Do-Not-Call Registry since December 20, 2024, was repeatedly contacted by Defendant beginning in or around May 28, 2025. She alleges that Defendant placed unsolicited telemarketing calls and sent text messages advertising mortgage refinancing services without her consent. Despite repeatedly instructing Defendant to stop contacting her and informing Defendant that her number was on the National Do-Not-Call Registry, Defendant allegedly continued its telemarketing efforts, resulting in invasion of privacy, annoyance, and harassment.

***Defendant's Statement:*** This action arises from Plaintiffs' allegations that Coast 2 Coast Lenders, LLC ("C2C") violated the Telephone Consumer Protection Act ("TCPA") by allegedly placing telemarketing calls or text messages to Plaintiffs' telephone numbers. C2C denies Plaintiffs' allegations of TCPA violations and disputes that any alleged contact constituted unlawful telemarketing under the statute.

As set forth in Defendant's pending Motion to Dismiss, Plaintiffs' allegations amount, at most, to a single alleged contact as to each Plaintiff. Even accepting Plaintiffs' allegations as true for pleading purposes, Defendant contends that Plaintiffs cannot satisfy the statutory elements required to state a claim under 47 U.S.C. § 227(c), including the requirement of more than one actionable telephone solicitation within a twelve-month period, the existence of a valid and effective opt-out request, or facts establishing that any alleged contact was initiated by C2C or by an agent acting with C2C's authority.

Defendant further disputes Plaintiffs' allegations regarding traceability, agency, willfulness, and class-wide liability, and denies that Plaintiffs can satisfy the requirements for certification of any proposed class. Defendant has moved to dismiss the First Amended Complaint on these grounds,

3

and that motion is currently pending before the Court.

III.     **Discovery Plan, Progress of Discovery, and Outstanding Discovery Disputes**

Discovery will be needed on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiffs and the Class; (2) identification of Class Members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses; (5) Defendant's negligence or willfulness regarding TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses;  (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter; (9) the identity, ownership, and use of Plaintiffs' telephone numbers during the relevant period; (10) Plaintiffs' call records, text records, screenshots, and related information supporting their allegations of calls or text messages; (11) the nature, timing, and manner of any alleged opt-out requests, consent, or revocation of consent; (12) Plaintiffs' registration on the National Do-Not-Call Registry, including registration dates and continuity; (13) facts supporting Plaintiffs' allegations of traceability, attribution, and any alleged agency relationship involving Defendant; and (14) facts supporting Plaintiffs' allegations of standing, injury, or harm. The parties do not have any anticipated discovery disputes at this time.

*Plaintiffs' Position on Sequencing of Discovery*: Plaintiffs propose that discovery proceed in the ordinary course without bifurcation. Plaintiffs contend that discovery relevant to class certification and merits issues substantially overlaps and that bifurcation would be inefficient and prejudicial, particularly given the risk of loss of call data and third-party records. Discovery issues such as the volume and frequency of calls, Defendant's dialing practices, the identity and role of third-party vendors, Defendant's internal do-not-call policies, opt-out procedures, and the existence of standardized telemarketing campaigns are central both to liability and to class certification under Rule 23.

Bifurcation would be particularly prejudicial in this TCPA action because critical evidence—such as call logs, dialer data, lead records, and third-party vendor information—is exclusively within Defendant's possession or the possession of non-party vendors and is subject to routine deletion or limited retention periods. Delaying class-wide discovery increases the risk that relevant data will be lost, overwritten, or rendered inaccessible before Plaintiffs have a fair opportunity to obtain it, undermining the truth-seeking function of discovery.

The Plaintiffs' further contend that an artificial limitation on the scope of discovery is not necessary when Rule 26 already provides adequate protections for the Defendant.

***Defendant's Position on Sequencing of Discovery:*** Defendant requests that discovery be bifurcated. In the initial phase, discovery should be limited to matters relevant to Plaintiffs' individual claims and the threshold issues raised in Defendant's Motion to Dismiss, including whether Plaintiffs can establish the statutory elements necessary to state a claim under 47 U.S.C. § 227(c).

Subjecting the parties to broad, class-wide discovery at this stage would be unnecessarily and unduly burdensome and inconsistent with Federal Rule of Civil Procedure 26(b)(1), particularly where Plaintiffs' allegations—even accepted as true—do not establish more than a single alleged contact per Plaintiff or otherwise satisfy the TCPA's requirements for liability. Bifurcation will promote efficiency and proportionality by allowing the Court and the parties to determine whether Plaintiffs can establish viable individual claims before engaging in expansive discovery regarding putative class members or nationwide practices.

Plaintiffs' asserted concern about potential loss of data does not warrant abandoning phased discovery. Defendant is subject to preservation obligations. Plaintiffs identify no concrete risk of imminent spoliation, no specific retention deadline, and no evidence that relevant

information will be lost during a limited, threshold discovery period. The threshold discovery period can be accomplished in 90 days.

If Plaintiffs are able to establish actionable individual claims, the parties can proceed to the second phase of discovery addressing class certification issues.

**IV.     Insurance Available to Satisfy Part or All of a Judgment, Including Indemnification Agreements**

Defendant states that it is not presently aware of any insurance policy that would provide coverage for the TCPA claims asserted in this action.

Plaintiffs reserve the right to seek discovery on this issue.

**V.     Relationship with Other Cases:**

The Parties are not aware of any other pending cases that are directly related to this action.

**VI.     Amendments to Pleadings**

The Parties propose a deadline of June 6, 2026 for motions to amend the pleadings or add parties.

Defendant contends that the deadline for amendments to pleadings should be dependent on the state of the pleadings. Defendant proposes that any motions to amend the pleadings or add parties be due no later than 60 days after the Court's ruling on Defendant's Motion to Dismiss.

**VII.     Prospects of Settlement**

The Parties have discussed settlement and alternative dispute resolution. While no resolution has been reached, the Parties agree that settlement discussions may be more productive following initial discovery.

**VIII.     Issues Resolved by Motion**

Defendant has filed a motion to dismiss that is currently pending subject to additional briefing by the parties. Plaintiffs anticipate filing a motion for class certification following

discovery. The Parties anticipate potential dispositive and/or class certification motions following the close of discovery.

## IX.        Estimated Trial Length

If this matter is certified as a Class Action, it is believed that the trial will take four (4) days. If it is not, then one (1) to two (2) days.

## X.        **Schedule**: The parties submit the following proposed schedules of events:

| EVENT | Plaintiffs' Proposed Deadlines | Defendant's Proposed Deadlines |
|---|---|---|
| Discovery Begins | February 20, 2026 (day after Initial Scheduling Conference) | 14 days after the Court's ruling on Defendant's pending Motion to Dismiss |
| Phase I – Individual Claims Discovery | | Commences upon Court's ruling on Defendant's pending Motion to Dismiss. Phase I discovery closes after 90 days. |
| Phase II – Class and Merits Discovery | | To commence only upon Court order following a determination that Plaintiffs' individual claims survive Phase I |
| Exchange of Initial Disclosures under Fed. R. Civ. P 26(a)(1) | March 12, 2026 | 14 days after discovery begins; limited to Plaintiffs' individual claims |
| Deadline for Amendments to Pleadings and Joinder of Parties | June 6, 2026 | 60 days after the Court's ruling on Defendant's pending Motion to Dismiss |
| Parties' Expert Disclosure | October 4, 2026 | Deferred pending completion of Phase I and |

|  |  | further Court order |
|---|---|---|
| Deadline for Expert Depositions | November 3, 2026 | Deferred pending completion of Phase I and further Court order |
| Rebuttal Expert Reports | November 30, 2026 | Deferred pending completion of Phase I and further Court order |
| All Discovery Ends | December 21, 2026 | Phase I discovery ends 90 days after discovery begins |
| Deadline for submission of Plaintiff's motion for class certification | January 4, 2027 | Deferred pending completion of Phase I and further Court order |
| Deadline for facilitation notification | January 4, 2027 | Deferred pending completion of Phase I and further Court order |
| Rule 16 Conference to Discuss Remaining Case Schedule | Set at the Court's discretion following a decision on class certification | Set at the Court's discretion following resolution of Phase I and any remaining threshold issues |

The Parties would then request a Rule 16 Conference to discuss the remaining schedule and dates needed prior to trial, the specifics of which will depend on whether the matter is certified as a Class Action (under Plaintiffs' proposal) or whether the case proceeds following a dispositive motion (under Defendant's proposal).

RESPECTFULLY SUBMITTED AND DATED this February 6, 2026.

/s/ Anthony Paronich
Anthony Paronich
Email: anthony@paronichlaw.com

8

PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

Counsel for the Plaintiff


*/s/ Nathan H. Lichtenstein*
Nathan H. Lichtenstein (IL Bar #1655469)
Khoa D. Trinh (IL Bar #6351044)
**ARONBERG GOLDGEHN**
225 W. Washington St., Suite 2800
Chicago, IL 60606
(312) 755-3177
nlichtenstein@agdglaw.com
ktrinh@agdglaw.com

James J. Sarconi (P66101)
**SMITH & SARCONI PLC**
13900 Lakeside Circle, Suite 203
Sterling Heights MI 48313
(586) 884-5420
jsarconi@s2attorneys.com

*Counsel for Coast 2 Coast Lenders, LLC*

9